**Marvin JEFFERS and others similarly situated, Plaintiffs-Appellants,**

v.

**LOUISIANA STATE UNIVERSITY and Agricultural and Mechanical College Board of Supervisors, Defendants-Appellees.**

No. 74–1387.

United States Court of Appeals, Fifth Circuit.

April 9, 1975.
Rehearing Denied May 30, 1975.

Arthur Cobb, A. J. Spedale, Baton Rouge, La., for plaintiffs-appellants.

B. B. Taylor, Jr., W. S. McKenzie, Baton Rouge, La., for defendants-appellees.

Before TUTTLE, RONEY and GEE, Circuit Judges.

PER CURIAM:

This class action was brought challenging the regulations of Louisiana State University and Agricultural and Mechanical College Board of Supervisors governing residence classifications of students at the University. The regulation in question, Louisiana State University

---

Regulation PM–31, provided in part that:

> "[r]esidence status may not be acquired by an applicant or student while residing in Louisiana for the primary purpose of attending school."

The plaintiffs were determined by Louisiana State University not to be residents of Louisiana and were accordingly assessed tuition higher than that for Louisiana residents. They contend that this regulation constitutes a permanent irrebutable presumption of non-residency, such a presumption having been held by the Supreme Court in Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973) to violate the Fourteenth Amendment.

The district court dismissed the plaintiffs' complaint, both on the grounds that the complaint failed properly to state a class action, and on the grounds that the plaintiff Jeffers failed to exhaust his administrative remedies. The plaintiff appeals.

 During the pendency of this appeal the Louisiana State University and Agricultural and Mechanical College Board of Supervisors changed the regulation at issue in this suit in such a way that the plaintiff now concedes that no further constitutional issue is presented.

The plaintiffs' complaint also requested damages to compensate them for those amounts which they were obliged to pay in tuition over that required of residents of the state. At oral argument the Court raised the question whether state sovereign immunity and the Eleventh Amendment might not bar such relief. See Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Counsel for plaintiffs was invited to file a supplemental memorandum briefing the Eleventh Amendment question if plaintiffs wished to pursue the damage claim. No supplemental brief has been filed, and accordingly we pass only on the requested injunctive relief, and dismiss the appeal as moot.